# EXHIBIT 1

Return Date: No return date scheduled
Hearing Date: 8/27/2021 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
    Cook County, IL

**FILED**
4/29/2021 3:53 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02090

13145378

*FILED DATE: 4/29/2021 3:53 PM 2021CH02090*

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | **(03/15/21) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Joann Liu

                           Plaintiff(s)

v.

MRS BPO, L.L.C.

                           Defendant(s)

c/o Cogency Global Inc., 600 South Second St.,
STE 404, Springfield, IL 62704

               Address of Defendant(s)

Case No.   **2021CH02090**

Please serve as follows (check one): ○ Certified Mail ○ Sheriff Service ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**Summons - Alias Summons**                                **(03/15/21) CCG 0001 B**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

<table>
<tr><td>⊙ Atty. No.: 41106</td><td>Witness date   4/29/2021 3:53 PM IRIS Y. MARTINEZ</td></tr>
<tr><td>○ Pro Se 99500</td><td></td></tr>
<tr><td>Name: Daniel A. Edelman</td><td></td></tr>
<tr><td>Atty. for (if applicable):</td><td>Iris Y. Martinez, Clerk of Court</td></tr>
<tr><td>Plaintiff</td><td>☐ Service by Certified Mail:</td></tr>
<tr><td>Address: 20 S Clark St Suite 1500</td><td>☐ Date of Service: _____</td></tr>
<tr><td>City: Chicago</td><td>(To be inserted by officer on copy left with employer or other person)</td></tr>
<tr><td>State: IL   Zip: 60603</td><td></td></tr>
<tr><td>Telephone: 312 739 4200</td><td></td></tr>
<tr><td>Primary Email: courtcl@edcombs.com</td><td></td></tr>
</table>

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

Return Date: No return date scheduled
Hearing Date: 8/27/2021 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
     Cook County, IL

FILED
4/29/2021 3:53 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
***2021CH02090***

13145378

FILED DATE: 4/29/2021 3:53 PM  2021CH02090

Chancery Division Civil Cover Sheet
General Chancery Section             (12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Joann Liu

                            Plaintiff

           v.                Case No: _____

MRS BPO, L.L.C.

                          Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☐ | Administrative Review |
| 0001 | ☑ | Class Action |
| 0002 | ☐ | Declaratory Judgment |
| 0004 | ☐ | Injunction |
| | | |
| 0007 | ☐ | General Chancery |
| 0010 | ☐ | Accounting |
| 0011 | ☐ | Arbitration |
| 0012 | ☐ | Certiorari |
| 0013 | ☐ | Dissolution of Corporation |
| 0014 | ☐ | Dissolution of Partnership |
| 0015 | ☐ | Equitable Lien |
| 0016 | ☐ | Interpleader |

| | | |
|---|---|---|
| 0017 | ☐ | Mandamus |
| 0018 | ☐ | Ne Exeat |
| 0019 | ☐ | Partition |
| 0020 | ☐ | Quiet Title |
| 0021 | ☐ | Quo Warranto |
| 0022 | ☐ | Redemption Rights |
| 0023 | ☐ | Reformation of a Contract |
| 0024 | ☐ | Rescission of a Contract |
| 0025 | ☐ | Specific Performance |
| 0026 | ☐ | Trust Construction |
| 0050 | ☐ | Internet Take Down Action (Compromising Images) |
| | ☐ | Other (specify) _____ |

○ Atty. No.: 41106      ○ Pro Se 99500

Atty Name: Daniel A,. Edelman

Atty. for: Plaintiff

Address: 20 S Clark St, Suite 1500

City: Chicago      State: IL

Zip: 60603

Telephone: 312 739 4200

Primary Email: courtecl@edcombs.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

Hearing Date: 8/27/2021 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
    Cook County, IL

FILED
4/29/2021 3:53 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02090

Atty. No. 41106

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

JOANN LIU,                  )
on behalf of Plaintiff and a class,  )
                              )
           Plaintiff,    )
                              )       2021CH02090
      vs.                     )
                              )
MRS BPO, L.L.C.,         )
                              )
          Defendant.   )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Joann Liu brings this action to secure redress regarding unlawful collection practices engaged in by Defendant MRS BPO, L.L.C. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

3. Personal jurisdiction in Illinois is proper because Defendant's collection letters were sent into Illinois.

4. Venue in Cook County is proper under 735 ILCS 5/2-102.

### PARTIES

#### Plaintiff

5. Plaintiff Joann Liu is a natural person residing in Lombard, Illinois.

#### Defendant

6. Defendant MRS BPO, L.L.C. is a limited liability company organized under the law of New Jersey with its principal office at 1930 Olney Avenue, Cherry Hill, NJ 08003. It does business in Illinois. Its registered agent and office is Cogency Global Inc., 600 South Second St., Suite 404,

FILED DATE: 4/29/2021 3:53 PM  2021CH02090

-1-

Springfield, IL 62704.

      7.      Defendant MRS BPO, L.L.C. is engaged in the sole or principal business of a collection agency, collecting consumer debts and using the mails and telephone system for that purpose.

      8.      Upon information and belief, almost all of Defendant MRS BPO, L.L.C.'s resources are devoted to debt collection.

      9.      Upon information and belief, almost all of Defendant MRS BPO, L.L.C.'s revenue is derived from debt collection.

      10.      Upon information and belief, almost all of Defendant MRS BPO, L.L.C.'s expenses are related to debt collection.

      11.      Defendant MRS BPO, L.L.C. is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

## FACTUAL ALLEGATIONS

      12.      This action arises out of Defendant's attempts to collect a credit card debt incurred for personal, family or household purposes.

      13.      On or about October 4, 2020, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit A.

      14.      On or about November 20, 2020, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit B.

      15.      On or about December 10, 2020, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit C.

      16.      On or about December 31, 2020, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit D.

      17.      On or about January 21, 2021, Defendant MRS BPO, L.L.C. caused a letter vendor

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

to send Plaintiff the letter in Exhibit E.

18.     On or about February 8, 2021, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit F.

19.     On or about February 25, 2021, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit G.

20.     The letters bear markings that are characteristic of one generated by a letter vendor.  In addition, public court filings indicate that MRS BPO, L.L.C. uses a letter vendor.

21.     In order to have the letter vendor send Plaintiff the letters in Exhibits A-G, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

22.     The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letters to Plaintiff.

23.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

24.     The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

25.     Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

26.     Plaintiff  never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

27.      In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

28.     The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

29.     Due to Defendant's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

30.     If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

31.     Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

32.     In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

33.     Plaintiff incorporates paragraphs 1-32.

34.     Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

35.     Defendant violated 15 U.S.C. §1692f by using unfair means in connection with

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

36.     Plaintiff brings this action on behalf of a class.

37.     The class consists of (a) all individuals in Illinois (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

38.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

39.     On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 members of the class, and the class is so numerous that joinder of all members is not practicable.

40.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

41.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

42.     A class action is appropriate for the fair and efficient adjudication of this matter, in that:

    a.     Individual actions are not economically feasible.

    b.     Members of the class are likely to be unaware of their rights;

-5-

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

    c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i.      Statutory damages;

    ii.      Attorney's fees, litigation expenses and costs of suit;

    iii.      Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Samuel Park (ARDC 6333176)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

EXHIBIT A



S-SFMRSA11
PCVSNT00314169 - 637540455 I28338
*Return Address:*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
888-274-9871

Office Hours:
Monday - Thursday  9am - 9pm ET
Friday                        9am - 5pm ET



FILED DATE: 4/29/2021 3:53 PM   2021CH02090

JOANN K LIU

October 4, 2020

| CREDITOR: | |
| --- | --- |
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

The above referenced creditor has placed your account with our office for collection. We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations. Resolving an overdue debt is never easy. Often the hardest part is taking the first step. We are ready to assist you to find a solution that is both fair and reasonable by presenting two options that will enable you to resolve your balance with

| SINGLE PAYMENT | MONTHLY PAYMENTS PLAN |
| --- | --- |
| Make a **ONE-TIME** payment of $2,124.15 by 11/19/2020 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.



**Pay via the Web**
https://portal.mrsbpo.com



**Pay by Phone**
888-274-9871



**Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

### IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

MRS Associates of New Jersey
888-274-9871
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID:

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

**EXHIBIT B**

FILED DATE: 4/29/2021 3:53 PM    2021CH02090



S-SFMRSA11
PD538000313689 - 644483801 I27378
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                        9am - 5pm ET



November 20, 2020

JOANN K LIU

| CREDITOR: | |
| --- | --- |
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
| --- | --- | --- |
| Make a **ONE-TIME** payment of $1,189.50 by 12/08/2020 to resolve your account | Make **TWO PAYMENTS** of $807.16 as follows: Payment 1 by 12/08/2020 Payment 2 by 01/08/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.



**Pay via the Web**
https://portal.mrsbpo.com



**Pay by Phone**
833-924-1978



**Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18182589

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

EXHIBIT C

FILED DATE: 4/29/2021 3:53 PM   2021CH02090



S-SFMRSA11
PD8VMJ00317169 - 646588444 I34338
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday  9am - 9pm ET
Friday                     9am - 5pm ET



December 10, 2020

JOANN K LIU

| CREDITOR: | |
|---|---|
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $1,104.54 by 12/29/2020 to resolve your account | Make **TWO PAYMENTS** of $764.68 as follows: Payment 1 by 12/29/2020 Payment 2 by 01/29/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

 **Pay via the Web**
https://portal.mrsbpo.com

 **Pay by Phone**
833-924-1978

 **Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18332107

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

EXHIBIT D



S-SFMRSA11
PDCX1O00412114 - 648785541 I24228
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                        9am - 5pm ET



FILED DATE: 4/29/2021 3:53 PM   2021CH02090

December 31, 2020


JOANN K LIU

| CREDITOR: | |
|---|---|
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $934.62 by 01/15/2021 to resolve your account | Make **TWO PAYMENTS** of $679.72 as follows: Payment 1 by 01/15/2021 Payment 2 by 02/15/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.


**Pay via the Web**
https://portal.mrsbpo.com


**Pay by Phone**
833-924-1978


**Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18493050

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

EXHIBIT E


S-SFMRSA11
PDH3X100219149 - 651120562 I38298
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

 **MRS**

MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                      9am - 5pm ET



January 21, 2021

JOANN K LIU

| CREDITOR: | |
| --- | --- |
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
| --- | --- | --- |
| Make a **ONE-TIME** payment of $1,147.02 by 02/05/2021 to resolve your account | Make **TWO PAYMENTS** of $785.92 as follows: Payment 1 by 02/05/2021 Payment 2 by 03/05/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

 **Pay via the Web**
https://portal.mrsbpo.com

 **Pay by Phone**
833-924-1978

 **Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,
MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18619091

Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

**MRS ASSOCIATES OF NEW JERSEY | 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 | 833-924-1978**
**OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET | FRIDAY 9AM - 5PM ET**

ICONOPT

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

**EXHIBIT F**



S-SFMRSA11
PDKOBL00315567 - 653460339 l31134
Return Address :
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978
Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                        9am - 5pm ET



FILED DATE: 4/29/2021 3:53 PM   2021CH02090

JOANN K LIU

February 8, 2021

| CREDITOR: | |
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
| --- | --- | --- |
| Make a **ONE-TIME** payment of $977.10 by 02/24/2021 to resolve your account | Make **TWO PAYMENTS** of $700.96 as follows:<br>Payment 1 by 02/24/2021<br>Payment 2 by 03/24/2021<br>to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.



**Pay via the Web**
https://portal.mrsbpo.com



**Pay by Phone**
833-924-1978



**Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18748441

Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

ICONCPT

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

EXHIBIT G

FILED DATE: 4/29/2021 3:53 PM   2021CH02090



S-SFMRSA11
PDO4YO00319867 - 655954696 I39734
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVE.
CHERRY HILL, NJ 08003



MRS Associates of New Jersey
1930 OLNEY AVE.
CHERRY HILL, NJ 08003
833-924-1978

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                       9am - 5pm ET




JOANN K LIU

February 25, 2021

| CREDITOR: | |
|---|---|
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $1,231.98 by 03/12/2021 to resolve your account | Make **TWO PAYMENTS** of $828.40 as follows: Payment 1 by 03/12/2021 Payment 2 by 04/12/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.



**Pay via the Web**
https://portal.mrsbpo.com



**Pay by Phone**
833-924-1978



**Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18850239

Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

ICONOPT

Atty. No. 41106

<div style="text-align: left; transform: rotate(-90deg)">FILED DATE: 4/29/2021 3:53 PM   2021CH02090</div>

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JOANN LIU, | ) |
| on behalf of Plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MRS BPO, L.L.C., | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, , respectfully requests that the Court order that this action, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), may proceed on behalf of a class against Defendant MRS BPO, L.L.C..

The class consists of (a) all individuals in Illinois (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

Plaintiff is required to file a motion for class certification with the Complaint, *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.,* 2015 IL 118644, 48 N.E.3d 1060, and may request leave to supplement it later.

In support of this motion, Plaintiff states:

### NATURE OF THE CASE

1.      Plaintiff   is a natural person residing in Lombard, Illinois.

2.      Defendant MRS BPO, L.L.C. is a collection agency engaged in the business of collecting debts in Cook County and elsewhere.

3.      MRS BPO, L.L.C. is engaged in the sole or principal business of collecting consumer debts, using the mails and telephone system for that purpose.

-1-

FILED DATE: 4/29/2021 3:53 PM    2021CH02090

4.     Upon information and belief, almost all of Defendant MRS BPO, L.L.C.'s resources are devoted to debt collection.

5.     Upon information and belief, almost all of MRS BPO, L.L.C.'s revenues are derived from debt collection.

6.     Upon information and belief, almost all of MRS BPO, L.L.C.'s expenses are related to debt collection.

7.     MRS BPO, L.L.C. is a "debt collector" within the meaning of the FDCPA.

8.     On or about October 4, 2020, MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit A.

9.     On or about November 20, 2020, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit B.

10.     On or about December 10, 2020, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit C.

11.     On or about December 31, 2020, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit D.

12.     On or about January 21, 2021, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit E.

13.     On or about February 8, 2021, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit F.

14.     On or about February 25, 2021, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit G.

15.     In order to have the letter vendor send Plaintiff the letters in Exhibit A-G, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

16.     The letter vendor then populated some or all of this information into a prewritten

-2-

FILED DATE: 4/29/2021 3:53 PM 2021CH02090

template, printed, and mailed the letters to Plaintiff.

17.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

18.     The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

19.     MRS BPO, L.L.C.'s communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

20.     Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

21.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

22.     The letter vendor used by MRS BPO, L.L.C. as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

23.     Due to MRS BPO, L.L.C.'s communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

24.     If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.,* 804 F.3d 740, 743 (6th Cir. 2015).

-3-

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

25.     MRS BPO, L.L.C. unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

26.     In its reckless pursuit of a business advantage, MRS BPO, L.L.C. disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

### THE FAIR DEBT COLLECTION PRACTICES ACT

27.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). This law "is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information about alleged debts, and about their rights as consumers. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

28.     In enacting the FDCPA, Congress recognized the "universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule.... [The] vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." 95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

29.     As noted in *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008), "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be underestimated." See *Sonmore v. CheckRite Recovery Services, Inc.*, 187 F.Supp.2d 1128, 1132

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

(D.Minn. 2001) (the FDCPA "is a remedial strict liability statute which was intended to be applied in a liberal manner"); *Owens v. Hellmuth & Johnson PLLC*, 550 F.Supp.2d 1060, 1063 (D.Minn. 2008) (same); and *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (the FDCPA should be "[construed]... broadly, so as to effect its purpose").

30.     "Congress intended the Act to be enforced primarily by consumers...." *Federal Trade Commission v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980).  The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001); *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982).

31.     Courts hold that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer," *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), or  "least sophisticated consumer," *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1173 (11th Cir. 1985).  The standard is an objective one – whether any particular consumer was misled is not an element of a cause of action. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.  1997). "The question is not whether the plaintiff was deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

32.     Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.*, 839 F.Supp. 941 (D. Conn. 1993).

33.     Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499  (7th Cir. 1997); *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 177 (W.D.N.Y. 1988); *Kuhn v. Account Control Technol.*, 865 F. Supp.

1443, 1450 (D.Nev. 1994); *In re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr.N.D.N.Y. 1982).

## REQUIREMENTS FOR CLASS CERTIFICATION

34.     Section 2-801 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, states:

Prerequisites for the maintenance of a class action.

An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1)     The class is so numerous that joinder of all members is impracticable.

(2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)     The representative parties will fairly and adequately protect the interest of the class.

(4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

Although the statute was modeled after Rule 23 of the Federal Rule of Civil Procedure, some differences exist between the two. *Eshaghi v. Hanley Dawson Cadillac Co.,* 214 Ill. App. 3d 995, 999, 574 N.E.2d 760, 762 (1st Dist. 1991).

35.     The class action determination is to be made as soon as practicable after the commencement of an action brought as a class action and before any consideration of the merits. 735 ILCS 5/2-802. The circuit court has discretion as to whether an action may proceed as a class action. *Haywood v. Superior Bank,* 244 Ill. App. 3d 326, 328, 614 N.E.2d 461, 463 (1st Dist. 1993) (overturning the lower court's denial of class certification in a landlord-tenant case).

36.     Class actions are essential to enforce laws protecting consumers. As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

In a large and impersonal society, class actions are often the last barricade of consumer protection. . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action -- private suits or governmental actions - - have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class

-6-

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766)

37.     As demonstrated below, each of the requirements for class certification is met.

38.     Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As a result, numerous FDCPA class actions have been certified. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999); *Nielsen v. Dickerson*, 98cv5909, 1999 WL 350649, 1999 U.S. Dist. LEXIS 8334 (N.D. Ill. May 20, 1999); *Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill. 1998); *Shaver v. Trauner*, 97cv1309, 1998 WL 35333712, 1998 U.S. Dist. LEXIS 19647 (C.D. Ill. May 29, 1998*) report and recommendation adopted*, 1998 WL 35333713, 1998 U.S. Dist. LEXIS 19648 (C.D. Ill. July 31, 2098); *Carroll v. United Compucred Collections, Inc.*, 1:99cv0152, 2002 WL 31936511, 2002 U.S. Dist. LEXIS 25032 (M.D. Tenn. Nov. 15, 2002), *report and recommendation adopted in part*, 2003 WL 1903266, 2003 U.S. Dist. LEXIS 5996 (M.D. Tenn. Mar. 31, 2003) *aff'd*, 399 F.3d 620 (6th Cir. 2005); *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291 (N.D. Ill. 2007); *Keele v. Wexler*, 95cv3483, 1996 WL 124452, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill. Mar. 19, 1996), *aff'd*, 149 F.3d 589 (7th Cir. 1998); *Miller v. Wexler & Wexler*, 97cv6593, 1998 WL 60798, 1998 U.S. Dist. LEXIS 1382 (N.D. Ill. Feb. 6, 1998); *Wilborn v. Dun & Bradstreet*, 180 F.R.D. 347 (N.D. Ill. 1998); *Arango v. GC Servs., LP*, 97cv7912, 1998 WL 325257, 1998 U.S. Dist. LEXIS 9124 (N.D. Ill. June 11, 1998) (misleading collection letters); *Avila v. Van Ru Credit Corp.*, 94cv3234, 1995 WL 41425, 1995 U.S. Dist. LEXIS 461 (N.D. Ill. Jan. 31, 1995), aff'd sub nom. *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008); *Cotton v. Asset Acceptance*, 07cv5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill. June 26, 2008) (class certified); *Carr v. Trans Union Corp.*, 94cv0022, 1995 WL 20865, 1995 U.S. Dist. LEXIS 567 (E.D. Pa. Jan. 12, 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection

-7-

FILED DATE: 4/29/2021 3:53 PM    2021CH02090

notices to consumers); *Colbert v. Trans Union Corp.* 93cv6106, 1995 WL 20821, 1995 U.S. Dist. LEXIS

578 (E.D. Pa. Jan. 12, 1995) (same); *Gammon v. GC Services, L.P.*, 162 F.R.D. 313 (N.D. Ill. 1995)

(similar); *Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988); *West v. Costen*, 558 F. Supp. 564, 572-573

(W.D. Va. 1983) (FDCPA class certified regarding alleged failure to provide required "validation"

notices and addition of unauthorized fees); *Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911

S.W.2d 956 (1995) (class certified in FDCPA action challenging bad check charges); *Brewer v.*

*Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993) (FDCPA class certified regarding transmission of

misleading collection demands to consumers), earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993);

*Duran v. Credit Bureau of Yuma, Inc.*, 93 F.R.D. 607 (D. Ariz. 1982) (class certified in action complaining

of unauthorized charges).

**Numerosity**

39.     Section 2-801(1) parallels the language of Federal Rule of Civil Procedure 23(a)(1);

therefore, federal case law is instructive on the numerosity requirements under the Illinois Rules.

*Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450, 555 N.E.2d

1150, 1153 (5th Dist. 1990).  The numerosity requirement is satisfied if it is reasonable to conclude

that the number of members of the proposed class is greater than the minimum number required for

class certification, which is about 10-40. *Kulins v. Malco*, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038

(1st Dist. 1984) (19 and 47 members sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326,

1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill.

1986) (10-29 members sufficient).

40.     Illinois case law further indicates that "[t]he number of class members is relevant, not

determinative." *Wood River Area Dev. Corp.*, 198 Ill. App. 3d at 450, 555 N.E. 2d at 1153.  Where the

class size is smaller, other factors may come into play to demonstrate that joinder is impractical,

including: (1) geographical spread of class members, (2) ease of identifying and locating class

members, (3) the knowledge and sophistication of class members and their need for protection, (4)

-8-

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

the size of class members' claims, and (5) the nature of the case. Id. at 450-51, 555 N.E. 2d at 1153-54.

41.     It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Lit.,* 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross,* 663 F.Supp. 1164, 1169 (E.D.N.Y. 1986). The Court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry,* 696 F.2d 925, 930 (11th Cir. 1983). "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination. . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1995), §7.22.

42.     In the present case, Plaintiff alleges, based on the volume of Defendant's collection activity and the use of form letters, that there are more than 40 class members, making them so numerous that joinder is impracticable.

43.     While discovery will be needed to determine the precise class size, it is reasonable to infer that numerosity is satisfied. *Wood River Area Dev. Corp.,* 198 Ill. App. 3d at 450, 555 N.E.2d at 1153 (concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson,* 441 F.Supp. 254, 256 (D.Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v. Califano,* 460 F. Supp. 737, 744 (D.Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies

-9-

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

complained of); *Carr v. Trans Union Corp., supra* (Fair Debt Collection Practices Act class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers in which court inferred numerosity from the use of form letters); *Colbert v. Trans Union Corp., supra* (same).

## Common Questions and Predominance

44.      A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634, 595 N.E.2d 149, 153 (1st Dist.1992).

45.      In the present case, the predominant common questions are whether Defendant sends personal information to letter vendors and whether such practice violates the FDCPA.

46.      Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

47.      The only individual issue is the identification of the class members, a matter easily ascertainable from the files of Defendant.

48.      Questions readily answerable from a party's files do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D.Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

## Adequacy of Representation

49.      The class action statute requires that the class representative provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the attorney for the class must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the

representative must not have interests antagonistic to those of the class. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992).

50.     Plaintiff understands the obligations of a class representative, and has retained experienced counsel, as is indicated by Exhibit H, which sets forth counsel's qualifications.

51.     There are no conflicts between Plaintiff and the class members.

**Appropriateness of Class Action**

52.     Efficiency is the primary focus in determining whether the class action is an appropriate method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank,* 57 F.R.D. 545 (N.D.Ill. 1972). It is proper for a court, in deciding this issue, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974).

53.     In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer. The vast majority of consumers are undoubtedly unaware that their rights are being violated. In addition, the modest size of the claims makes it unlikely that consumers would be able to pay to retain counsel to protect their rights on an individual basis.

54.     The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .

*In re Folding Carton Antitrust Lit.,* 75 F.R.D. 727, 732 (N.D.Ill. 1977) (citations omitted).) Another court noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able

FILED DATE: 4/29/2021 3:53 PM    2021CH02090

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see e.g., *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985) ('Class actions...may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank,* 156 F.R.D. 615 at 628, 629 (E.D.Pa 1994).

## **CONCLUSION**

55.     The Court should certify this action as a class action.


Respectfully submitted,


*/s/ Daniel A. Edelman*
Daniel A. Edelman




Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Samuel Park (ARDC 6333176)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

T:\37794\Pleading\Plaintiff's Motion for class certification_Pleading.wpd

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that on April    2021, I had a copy of this document placed for service with the complaint.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

EXHIBIT A



S-SFMRSA11
PCVSNT00314169 - 637540455 I28338
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
888-274-9871

Office Hours:
Monday - Thursday    9am - 9pm ET
Friday                        9am - 5pm ET



FILED DATE: 4/29/2021 3:53 PM   2021CH02090

JOANN K LIU

October 4, 2020

| CREDITOR: | |
| --- | --- |
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

The above referenced creditor has placed your account with our office for collection. We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations. Resolving an overdue debt is never easy. Often the hardest part is taking the first step. We are ready to assist you to find a solution that is both fair and reasonable by presenting two options that will enable you to resolve your balance with

| SINGLE PAYMENT | MONTHLY PAYMENTS PLAN |
| --- | --- |
| Make a **ONE-TIME** payment of $2,124.15 by 11/19/2020 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

   **Pay via the Web**
https://portal.mrsbpo.com

   **Pay by Phone**
888-274-9871

   **Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

**IMPORTANT CONSUMER INFORMATION**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

MRS Associates of New Jersey
888-274-9871
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID:

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

**EXHIBIT B**



S-SFMRSA11
PD538000313689 - 644483801 I27378
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                       9am - 5pm ET



FILED DATE: 4/29/2021 3:53 PM   2021CH02090

November 20, 2020

JOANN K LIU

| CREDITOR: | |
|---|---|
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $1,189.50 by 12/08/2020 to resolve your account | Make **TWO PAYMENTS** of $807.16 as follows: Payment 1 by 12/08/2020 Payment 2 by 01/08/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

 **Pay via the Web**
https://portal.mrsbpo.com

 **Pay by Phone**
833-924-1978

 **Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18182589

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

ICONPRT

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

EXHIBIT C

FILED DATE: 4/29/2021 3:53 PM   2021CH02090



S-SFMRSA11
PD8VMJ00317169 - 646588444 I34338
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

**MRS**

MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday    9am - 9pm ET
Friday                          9am - 5pm ET



December 10, 2020

JOANN K LIU

| CREDITOR: | |
|---|---|
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $1,104.54 by 12/29/2020 to resolve your account | Make **TWO PAYMENTS** of $764.68 as follows: Payment 1 by 12/29/2020 Payment 2 by 01/29/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

   **Pay via the Web**
https://portal.mrsbpo.com

   **Pay by Phone**
833-924-1978

   **Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18332107

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

**EXHIBIT D**



S-SFMRSA11
PDCX1O00412114 - 648785541 I24228
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                        9am - 5pm ET



FILED DATE: 4/29/2021 3:53 PM   2021CH02090

December 31, 2020

JOANN K LIU

| | |
|---|---|
| CREDITOR: | |
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $934.62 by 01/15/2021 to resolve your account | Make **TWO PAYMENTS** of $679.72 as follows: Payment 1 by 01/15/2021 Payment 2 by 02/15/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

 **Pay via the Web**
https://portal.mrsbpo.com

 **Pay by Phone**
833-924-1978

 **Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18493050

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

**EXHIBIT E**



S-SFMRSA11
PDH3X100219149 - 651120562 l38298
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

| Office Hours: | |
| --- | --- |
| Monday - Thursday | 9am - 9pm ET |
| Friday | 9am - 5pm ET |



FILED DATE: 4/29/2021 3:53 PM   2021CH02090

January 21, 2021

JOANN K LIU

| CREDITOR: | |
| --- | --- |
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
| --- | --- | --- |
| Make a **ONE-TIME** payment of $1,147.02 by 02/05/2021 to resolve your account | Make **TWO PAYMENTS** of $785.92 as follows: Payment 1 by 02/05/2021 Payment 2 by 03/05/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

 **Pay via the Web**
https://portal.mrsbpo.com

 **Pay by Phone**
833-924-1978

 **Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18619091

Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

ICONOPT

EXHIBIT F





MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday 9am - 9pm ET
Friday 9am - 5pm ET

S-SFMRSA11
PDKOBL00315567 - 653460339 I31134
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

FILED DATE: 4/29/2021 3:53 PM   2021CH02090



February 8, 2021

JOANN K LIU

| CREDITOR: | |
|---|---|
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $977.10 by 02/24/2021 to resolve your account | Make **TWO PAYMENTS** of $700.96 as follows: Payment 1 by 02/24/2021 Payment 2 by 03/24/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.



**Pay via the Web**
https://portal.mrsbpo.com



**Pay by Phone**
833-924-1978



**Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18748441

Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

MRS ASSOCIATES OF NEW JERSEY I 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 I 833-924-1978
OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET I FRIDAY 9AM - 5PM ET

ICONCPT

FILED DATE: 4/29/2021 3:53 PM   2021CH02090

EXHIBIT G





**MRS**

MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday  9am - 9pm ET
Friday                      9am - 5pm ET

S-SFMRSA11
PDH3X100219149 - 651120562 I38298
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



January 21, 2021

JOANN K LIU

| CREDITOR: | |
|---|---|
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | |

Dear JOANN K LIU,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a ONE-TIME payment of $1,147.02 by 02/05/2021 to resolve your account | Make TWO PAYMENTS of $785.92 as follows: Payment 1 by 02/05/2021 Payment 2 by 03/05/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

 **Pay via the Web**
https://portal.mrsbpo.com

 **Pay by Phone**
833-924-1978

 **Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
833-924-1978
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5350017.18619091

Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

**MRS ASSOCIATES OF NEW JERSEY | 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 | 833-924-1978**
**OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET | FRIDAY 9AM - 5PM ET**

ICONOPT

FILED DATE: 4/29/2021 4:37 PM   2021CH02090

FILED DATE: 4/29/2021 4:37 PM   2021CH02090

EXHIBIT H

FILED DATE: 4/29/2021 4:37 PM   2021CH02090

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JOANN LIU,<br>on behalf of Plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MRS BPO, L.L.C., | ) |
| | ) |
| Defendant. | ) |

### DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by 735 ILCS 5/1-109, that the following statements are true:

1.  Edelman, Combs, Latturner & Goodwin, LLC, has 6 principals, Daniel A. Edelman, Cathleen M. Combs, Tara L. Goodwin, Julie Clark, Heather Kolbus, and Cassandra P. Miller, and four associates. Member James O. Latturner retired in 2020.

2.  **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, through both class and individual actions. He is the author of the chapters on the "Fair Debt Collection Practices Act," "Truth in Lending Act," and "Telephone Consumer Protection Act" in *Illinois Causes of Action* (Ill. Inst. For Cont. Legal Educ. 2020 and earlier editions), author of the chapter on the Telephone Consumer Protection Act in *Federal Deception Law* (National Consumer Law Center 2013 Supp.), author of *Collection Litigation: Representing the Debtor* (Ill. Inst. Cont. Legal Educ. 2008, 2011, 2014, 2019), and *Collection Litigation: Representing the Debtor* (Ill. Inst. Cont. Legal Educ. 2014); author of Chapter 5, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal Educ. 2020 and earlier editions), co-author of Rosmarin & Edelman, *Consumer Class Action Manual* (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of *Representing Consumers in Litigation with Debt Buyers* (Chicago Bar Ass'n 2008); *Predatory Mortgage Lending* (Ill. Inst. for Cont. Legal. Educ. 2008, 2011), author of Chapter 6, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal. Educ. 2004, 2008, 2014), *Illinois Consumer Law*, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002); *Payday Loans: Big Interest Rates and Little Regulation*, 11 Loy.Consumer L.Rptr. 174 (1999); author of *Consumer Fraud and Insurance Claims*, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," *Ohio Consumer Law* (1995 ed.); co-author of *Fair Debt Collection: The Need for Private Enforcement*, 7 Loy.Consumer L.Rptr. 89 (1995);

-1-

FILED DATE: 4/29/2021 4:37 PM   2021CH02090

author of *An Overview of The Fair Debt Collection Practices Act*, in Financial Services Litigation, Practicing Law Institute (1999); co-author of *Residential Mortgage Litigation*, in Financial Services Litigation, Practicing Law Institute (1996); author of *Automobile Leasing: Problems and Solutions*, 7 Loy.Consumer L.Rptr. 14 (1994); author of *Current Trends in Residential Mortgage Litigation*, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); co-author of *Illinois Consumer Law* (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, *Attorney Liability Under the Fair Debt Collection Practices Act* (Chicago Bar Ass'n 1996); and author of *The Fair Debt Collection Practices Act: Recent Developments*, 8 Loy.Consumer L. Rptr. 303 (1996), among others.  Mr. Edelman is a frequent speaker on consumer law topics for various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conference, and the Illinois Institute for Continuing Legal Education, and he has testified on behalf of consumers before the Federal Trade Commission and the Illinois legislature.  He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Courts for the Eastern and Western Districts of Wisconsin, and the Supreme Court of Illinois.  He is a member of the Northern District of Illinois trial bar.

3.  **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School.  From 1984-1991, she supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law.  She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991 and became a named partner in 1993.  Ms. Combs received an Award for Excellence in Pro Bono Service from the Judges of the United States District Court for the Northern District of Illinois and the Chicago Chapter of the Federal Bar Association on May 18, 2012.  Ms. Combs has argued over fifteen cases in the 1st, 3rd and 7th Circuit Court of Appeals and the Illinois Appellate Court, and she is a frequent speaker on consumer law topics at various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conferences, and the Practicing Law Institute's Consumer Financial Services Institute. Ms. Combs is coauthor of *The Bankruptcy Practitioner's Guide to Consumer Financial Services Actions After the Subprime Mortgage Crisis* (LRP Publications 2010).  Her reported decisions include: *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 Fed. Appx. 200 (3d Cir. 2012); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002); *Chandler v. American General Finance, Inc.*, 329 Ill. App.3d 729, 768 N.E.2d 60 (1st Dist. 2002); *Miller v. McCalla Raymer*, 214 F.3d 872 (7th Cir. 2000);  *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000); *Emery v. American Gen. Fin., Inc.*, 71 F.3d 1343 (7th Cir. 1995); *McDonald v. Asset Acceptance, LLC*, 296 F.R.D. 513 (E.D.Mich. 2013); and *Tocco v. Real Time Resolutions*, 48 F.Supp.3d 535 (S.D.N.Y. 2014).  She is a member of the Illinois bar and admitted to practice in the following courts:  United States District Courts for the Northern, Central and Southern Districts of Illinois, United States District Courts for the Northern and Southern Districts of Indiana, Seventh Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, and Tenth Circuit Court of Appeals.  She is a member of the Northern District of Illinois trial bar.

4.  **James O. Latturner** (retired 2020) is a 1962 graduate of the University of Chicago Law School.  Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma.  From 1969 to 1995 he was Deputy Director of the Legal

FILED DATE: 4/29/2021 4:37 PM   2021CH02090

Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in *Federal Practice Manual for Legal Services Attorneys* (M. Masinter, Ed., National Legal Aid and Defender Association 1989); *Governmental Tort Immunity in Illinois*, 55 Ill.B.J. 29 (1966); *Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations*, 2 Loy.Consumer L.Rep. 64 (1990), and *Illinois Consumer Law* (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued over 30 appeals, including two cases in the United States Supreme Court, three in the Illinois Supreme Court, and numerous cases in the Seventh, Third, Fifth, and Eleventh Circuits. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

     5.    **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988) and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). Ms. Goodwin was Chair of the Chicago Bar Association's Consumer Law Committee from 2007 - 2010, and she has previously been on the faculty of the Practicing Law Institute's Consumer Financial Services Institute in Chicago, speaking on issues relating to the Fair Debt Collection Practices Act and mortgage litigation. Ms. Goodwin spoke at the 2016 Conference on Consumer Finance Law on mortgage servicing issues. Ms. Goodwin has also been a frequent speaker at the Chicago Bar Association, speaking on topics such as how to assist consumers with credit reporting problems, developments in class action law and arbitration agreements in consumer contracts. **Reported Cases.** *Aleksic v. Experian Information Solutions, Inc.*, 13cv7802, 2014 WL 2769122, 2014 U.S. Dist. LEXIS 83086 (N.D.Ill. June 18, 2014); *Taylor v. Screening Reports, Inc.*, 13cv2886, 2015 WL 4052824, 2015 U.S. Dist. LEXIS 86262 (N.D.Ill. July 2, 2015); *Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748 (7th Cir. 2000); *Hillenbrand v. Meyer Medical Group*, 288 Ill.App.3d 871, 682 N.E.2d 101 (1st Dist. 1997), later opinion, 308 Ill.App.3d 381, 720 N.E.2d 287 (1st Dist. 1999); *Bessette v. Avco Fin. Servs.*, 230 F.3d 439 (1ˢᵗ Cir. 2000); *Large v. Conseco Fin. Servicing Co.*, 292 F.3d 49 (1ˢᵗ Cir. 2002); *Flippin v. Aurora Bank, FSB*, 12cv1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Henry v. Teletrack, Inc.*, 11cv4424, 2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill. March 7, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11cv 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); *Bunton v. Cape Cod Village, LLC*, 09cv1044, 2009 WL 2139441, 2009 U.S. Dist. LEXIS 57801 (C.D.Ill. July 6, 2009); *Wilson v. Harris N.A.*, 06cvJuly 9, 20205840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007); *Carbajal v. Capital One*, 219 F.R.D. 437 (N.D.Ill. 2004); *Russo v. B&B Catering*, 209 F.Supp.2d 857 (N.D.Ill. 2002); *Romaker v. Crossland Mtg. Co.*, 94cv3328, 1996 WL 254299, 1996 U.S.Dist. LEXIS 6490 (N.D.Ill. May 10, 1996); *Mount v. LaSalle Bank Lake View*, 926 F.Supp. 759 (N.D.Ill 1996). Ms. Goodwin is a member of the Illinois bar and is admitted in the Seventh, First, and D.C. Circuit Courts of Appeals, and the United States District Courts for the Northern and Central Districts of Illinois, and the Northern District of Indiana. She is also a member of the Northern District of Illinois trial bar.

     6.    **Julie Clark** (neé Cobalovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) **;** *Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1ˢᵗ Dist. 2007); *Qualkenbush v. Harris Trust & Savings Bank*, 219 F. Supp.2d 935 (N.D.Ill. 2002); *Covington-McIntosh v. Mount Glenwood Memory Gardens*, 00cv186, 2002 WL 31369747, 2002 U.S. Dist. LEXIS 20026 (N.D.Ill., Oct. 21, 2002), later opinion, 2003 WL 22359626, 2003 U.S. Dist. LEXIS 18370 (N.D.Ill. Oct. 15, 2003); *Western Ry. Devices Corp. v. Lusida Rubber Prods.*, 06cv52, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867 (N.D.Ill. June 13, 2006); *Nautilus*

FILED DATE: 4/29/2021 4:37 PM   2021CH02090

*Ins. Co. v. Easy Drop Off, LLC*, 06cv4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill. June 4, 2007); *Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc.*, 07cv5715, 2007 WL 3448731, 2007 U.S. Dist. LEXIS 84425 (N.D.Ill. Nov. 14, 2007); *Sadowski v. Med1 Online, LLC*, 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 17, 2008); *Sadowski v. OCO Biomedical, Inc.*, 08cv3225, 2008 WL 5082992, 2008 U.S. Dist. LEXIS 96124 (N.D.Ill. Nov. 25, 2008); *ABC Bus. Forms, Inc. v. Pridamor, Inc.*, 09cv3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy v. Promius Pharma, LLC*, 09cv2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Lab., Inc.*, 10cv1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Garrett v. Sharps Compliance, Inc.*, 10cv4030, 2010 WL 4167157, 2010 U.S. Dist. LEXIS 109912 (N.D.Ill. Oct. 14, 2010).

      7.    **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** *Clark v. Experian Info. Solutions, Inc.*, 8:00cv1217-22, 2004 WL 256433, 2004 U.S. Dist. LEXIS 28324 (D.S.C., Jan. 14, 2004); *DeFrancesco v. First Horizon Home Loan Corp.*, 06cv0058, 2006 WL 3196838, 2006 U.S. Dist. LEXIS 80718 (S.D.Ill. Nov. 2, 2006); *Jeppesen v. New Century Mortgage Corp.*, 2:05cv372, 2006 WL 3354691, 2006 U.S. Dist. LEXIS 84035 (N.D.Ind. Nov. 17, 2006); *Benedia v. Super Fair Cellular, Inc.*, 07cv1390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill. Sept. 26, 2007);  *Gonzalez v. Codilis & Assocs., P.C.*, 03cv2883, 2004 WL 719264, 2004 U.S. Dist. LEXIS 5463 (N.D.Ill. March 30, 2004); *Centerline Equipment Corp. v. Banner Personnel Svc., Inc.*, 07cv1611, 2009 WL 1607587, 2009 U.S. Dist. LEXIS 48092 (N.D.Ill. June 9, 2009); *R. Rudnick & Co. v. G.F. Protection, Inc.*, 08cv1856, 2009 WL 112380, 2009 U.S. Dist. LEXIS 3152 (N.D.Ill. Jan. 15, 2009); *Pollack v. Cunningham Financial Group, LLC*, 08cv1405, 2008 WL 4874195, 2008 U.S. Dist. LEXIS 4166 (N.D.Ill. June 2, 2008); *Pollack v. Fitness Innovative Techs., LLC*, 08 CH 03430, 2009 WL 506280, 2009 TCPA Rep. 1858 (Ill. Cir. Ct., Jan. 14, 2009); *R. Rudnick & Co. v. Brilliant Event Planning, Inc.*, No. 09 CH 18924, 2010 WL 5774848, 2010 TCPA Rep. 2099 (Ill. Cir. Ct., Nov. 30, 2010).

      8.    **Cassandra P. Miller** is a graduate of the University of Wisconsin  – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** *Pietras v. Sentry Ins. Co.*, 513 F.Supp.2d 983 (N.D.Ill. 2007); *Hernandez v. Midland Credit Mgmt.*, 04cv7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill. Sept. 25, 2007); *Balogun v. Midland Credit Mgmt.*, 1:05cv1790, 2007 WL 2934886, 2007 U.S. Dist. LEXIS 74845 (S.D.Ind. Oct. 5, 2007); *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D.Ill. 2008); *Miller v. Midland Credit Management, Inc.*, 08cv780, 2009 WL 528796, 2009 U.S. Dist. LEXIS 16273 (N.D.Ill. March 2, 2009); *Frydman v. Portfolio Recovery Associates, LLC*, 11cv524, 2011 WL 2560221, 2011 U.S. Dist. LEXIS 69502 (N.D.Ill. June 28, 2011).

      9.    **Associates**:

      a.    **David Kim** is a graduate of the University of Illinois (B.A., 2001, M.A., 2004) and  Illinois Institute of Technology, Chicago-Kent College of Law (J.D., 2010).

      b.    **Carly Cengher** is a graduate of the University of Oregon (B.A., 2011), the University of California (M.A., 2015), and the University of New Hampshire School of Law (J.D. 2019).  She is a member of the Illinois Bar.

      c.    **Samuel Park** is a graduate of University of Illinois Urbana-Champaign (B.A., 2012) and University of California, Irvine School of Law (J.D., 2018). He is a member of the Illinois Bar.

FILED DATE: 4/29/2021 4:37 PM     2021CH02090

     d.   **Kasun Wijegunawardana** is a graduate of Cornell College (B.A. 2010) and Loyola University Chicago Law School (J.D., 2019).

     10.   The firm also has a dozen legal assistants and support staff.

     11.   Since its inception, the firm has recovered more than $500 million for consumers. The types of cases handled by the firm are illustrated by the following:

     12.   **Collection practices:** The firm has brought numerous cases under the Fair Debt Collection Practices Act, both class and individual. Decisions include: *Jenkins v. Heintz*, 25 F.3d 536 (7th Cir. 1994), aff'd 514 U.S. 291 (1995) (FDCPA coverage of attorneys); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014)(en banc); *Janetos v. Fulton, Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016); *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260 (3d Cir. 2019); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012); *Ruth v. Triumph Partnerships*, 577 F.3d 790 (7th Cir. 2009); *Hale v. Afni, Inc.*, 08cv3918, 2010 WL 380906, 2010 U.S. Dist. LEXIS 6715 (N.D.Ill. Jan. 26, 2010); *Parkis v. Arrow Fin Servs.*, 07cv410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Foster v. Velocity Investments*, 07cv824, 2007 WL 2461665, 2007 U.S. Dist. LEXIS 63302 (N.D. Ill. Aug. 24, 2007); *Foreman v. PRA III, LLC*, 05cv3372, 2007 WL 704478, 2007 U.S. Dist. LEXIS 15640 (N.D. Ill. March 5, 2007); *Schutz v. Arrow Fin. Services*, 465 F. Supp. 2d 872 (N.D.Ill. 2006); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014), later opinion, 807 F.3d 872 (7th Cir. 2015) (collection of time-barred debts); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 Fed. Appx. 200 (3d Cir. 2012) (activities of mortgage company field agents); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004); *Peter v. GC Servs. L.P.*, 310 F.3d 344 (5th Cir. 2002); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002) (attorney letters without attorney involvement); *Boyd v. Wexler*, 275 F.3d 642 (7th Cir. 2001); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000); *Johnson v. Revenue Management, Inc.*, 169 F.3d 1057 (7th Cir.1999); *Keele v. Wexler & Wexler*, 95cv3483, 1995 WL 549048, 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. Sept. 12, 1995) (motion to dismiss), later opinion, 1996 WL 124452, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), aff'd, 149 F.3d 589 (7th Cir. 1998); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232 (2nd Cir. 1998); *Young v. Citicorp Retail Services, Inc.*, 97-9397, 1998 U.S.App. LEXIS 20268, 159 F.3d 1349 (2nd Cir., June 29, 1998) (unpublished); *Charles v. Lundgren & Assocs., P.C.*, 119 F.3d 739 (9th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996), aff'g *Avila v. Van Ru Credit Corp.*, 94cv3234, 1994 WL 649101, 1994 U.S. Dist. LEXIS 16345 (N.D.Ill., Nov. 14, 1994), later opinion, 1995 WL 22866, 1995 U.S. Dist. LEXIS 461 (N.D.Ill., Jan. 18, 1995), later opinion, 1995 WL 41425, 1995 U.S. Dist. LEXIS 461 (N.D.Ill., Jan. 31, 1995), later opinion, 1995 WL 55255, 1995 U.S. Dist. LEXIS 1502 (N.D.Ill., Feb. 8, 1995), later opinion, 1995 WL 683775, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 16, 1995); *Tolentino v. Friedman*, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); *Diaz v. Residential Credit Solutions, Inc.*, 965 F.Supp.2d 249 (E.D.N.Y. 2013), later opinion, 297 F.R.D. 42 (E.D.N.Y. 2014), later opinion, 299 F.R.D. 16 (E.D.N.Y. 2014); *Stubbs v. Cavalry SPV I*, 12cv7235, 2013 WL 1858587, 2013 U.S. Dist. LEXIS 62648 (N.D.Ill., May 1, 2013); *Osborn v. J.R.S.-I., Inc.*, 949 F. Supp. 2d 807 (N.D.Ill. 2013); *Terech v. First Resolution Mgmt. Corp.*, 854 F.Supp.2d 537, 544 (N.D.Ill. 2012); *Casso v. LVNV Funding, LLC*, 955 F. Supp. 2d 825 (N.D.Ill. 2013); *Simkus v. Cavalry Portfolio Services, LLC*, 11cv7425, 2012 WL 1866542, 2012 U.S. Dist. LEXIS 70931 (N.D.Ill., May 22, 2012); *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513 (E.D.Mich. 2013); *Ramirez v. Apex Financial Management, LLC*, 567 F. Supp.2d 1035 (N.D. Ill. 2008); *Cotton v. Asset Acceptance, LLC*, 07cv5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26, 2008); *Buford v. Palisades Collection, LLC*, 552 F. Supp. 2d 800 (N.D.Ill. 2008); *Martin v. Cavalry*

FILED DATE: 4/29/2021 4:37 PM    2021CH02090

*Portfolio Servs., LLC,* 07cv4745, 2008 WL 4372717, 2008 U.S. Dist. LEXIS 25904 (N.D.Ill., March 28, 2008); *Ramirez v. Palisades Collection LLC,* 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07cv3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); *Hernandez v. Midland Credit Mgmt.*, 04cv7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill., Sept. 25, 2007) (balance transfer program); *Blakemore v. Pekay*, 895 F.Supp.972 (N.D.Ill. 1995); *Oglesby v. Rotche*, 93cv4183, 1993 WL 460841, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 5, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866, 1994 WL 142867 (N.D.Ill., April 18, 1994); *Laws v. Cheslock*, 98cv6403, 1999 WL 160236, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999); *Davis v. Commercial Check Control, Inc.*, 98cv631, 1999 WL 89556, 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); *Hoffman v. Partners in Collections, Inc.*, 93cv4132, 1993 WL 358158, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); *Vaughn v. CSC Credit Services, Inc.*, 93cv4151, 1994 WL 449247, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 WL 51402, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); *Beasley v. Blatt*, 93cv4978, 1994 WL 362185, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 11, 1994); *Taylor v. Fink*, 93 C 4941, 1994 WL 669605, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); *Gordon v. Fink*, 93cv4152, 1995 WL 55242, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); *Brujis v. Shaw*, 876 F.Supp. 198 (N.D.Ill. 1995).

13.     *Jenkins v. Heintz* is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. Mr. Edelman argued it before the Supreme Court and Seventh Circuit. *Avila v. Rubin* and *Nielsen v. Dickerson* are leading decisions on phony "attorney letters." *Suesz v. Med-1 Solutions, LLC* is a leading decision on the FDCPA venue requirements. *McMahon v. LVNV Funding, LLC* is a leading decision on the collection of time-barred debts.

14.     **Debtors' rights**. Important decisions include: *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07cv3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied) (Illinois statute of limitations for credit card debts); *Parkis v. Arrow Fin Servs.*, 07cv410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Rawson v. Credigy Receivables, Inc.*,  05cv6032, 2006 WL 418665, 2006 U.S. Dist. LEXIS 6450 (N.D.Ill., Feb. 16, 2006) (same); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (collection of time-barred debts without disclosure); *Jones v. Kunin*, 99cv818, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000) (scope of Illinois bad check statute); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002) (failure to allow cosigner to take over obligation prior to collection action); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc) (venue abuse).

15.     **Telephone Consumer Protection Act.** The firm has brought a number of cases under the Telephone Consumer Protection Act, 47 U.S.C. §227, which prohibits "junk faxes," spam text messages, robocalls to cell phones, and regulates telemarketing practices. Important junk fax and spam text message decisions include: *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005); *Sadowski v. Med1 Online, LLC*, 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Benedia v. Super Fair Cellular, Inc.*, 07cv01390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill., Sept. 26, 2007); *Centerline Equip. Corp. v. Banner Pers. Serv.*, 545 F. Supp. 2d 768 (N.D.Ill. 2008); *ABC Business Forms, Inc. v. Pridamor, Inc.*, 09cv3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy, Inc. v. Promius Pharma, LLC*, 09cv2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Laboratory, Inc.*, 10cv1315, 2010 WL 3034709, 2010 U.S. Dist. LEXIS, 108339 (N.D.Ill., Aug. 3, 3010).

16.    The firm has also brought a number of cases complaining of robocalling and telemarketing abuse, in violation of the Telephone Consumer Protection Act.  Decisions in these cases include: *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012); *Balbarin v. North Star Capital Acquisition, LLC*, 10cv1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 21, 2011), *motion to reconsider denied*, 2011 U.S. Dist. LEXIS 58761 (N.D.Ill. 2011); *Sojka v. DirectBuy, Inc.*, 12cv9809 et al., 2014 WL 1089072, 2014 U.S.Dist. LEXIS 34676 (N.D.Ill., Mar. 18, 2014), later opinion, 35 F. Supp. 3d 996 (N.D.Ill. 2014).  The firm has a leadership role in Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation, MDL No. 2295, and Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation, MDL No. 2286.

17.    **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, which include: *Henry v. Teletrack, Inc.*, 11cv4424,  2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill.  March 7, 2012).

18.    Another line of cases under the Fair Credit Reporting Act which we have brought, primarily as class actions, alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA.  *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004); *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006); *Perry v. First National Bank*, 459 F.3d 816 (7th Cir. 2006).

19.    **Class action procedure:**  Important decisions include *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015);  *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877 (7th Cir. 2000); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832 (7th Cir. 1999); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (mootness); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) (mootness),  and *Gordon v. Boden*, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

20.    **Landlord-tenant:**  The firm has brought more than 20 class actions against landlords to enforce tenants' rights.  Claims include  failing to pay interest on security deposits or commingling security deposits.  Reported decisions include *Wang v. Williams*, 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); *Dickson v. West Koke Mill Vill. P'Ship*, 329 Ill. App. 3d 341; 769 N.E.2d 971 (4th Dist. 2002); and *Onni v. Apartment Inv. & Mgmt. Co.*,  344 Ill. App. 3d 1099; 801 N.E.2d 586 (2nd Dist. 2003).

21.    **Mortgage charges and servicing practices:**  The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices.  These include MDL-899, *In re Mortgage Escrow Deposit Litigation*, and MDL-1604, *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, as well as the Fairbanks mortgage servicing litigation.  Decisions in the firm's mortgage cases include: *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Johnson v. Thomas*, 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003);  *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760 (7th Cir. 2006); *Christakos v. Intercounty Title Co.*, 196 F.R.D. 496 (N.D.Ill. 2000); *Flippin v. Aurora Bank, FSB*, 12cv1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11cv6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); *Johnstone v. Bank of America, N.A.*, 173 F.Supp.2d 809 (N.D.Ill. 2001); *Leon v. Washington Mut. Bank, F.A.*, 164 F.Supp.2d 1034 (N.D.Ill. 2001); *Williamson v. Advanta Mortg. Corp.*, 99cv4784, 1999 WL 1144940, 1999 U.S. Dist. LEXIS

FILED DATE: 4/29/2021 4:37 PM    2021CH02090

FILED DATE: 4/29/2021 4:37 PM   2021CH02090

16374 (N.D.Ill., Oct. 5, 1999); *McDonald v. Washington Mut. Bank, F.A.*, 99cv6884, 2000 WL 875416, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); *GMAC Mtge. Corp. v. Stapleton*, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); *Leff v. Olympic Fed. S. & L. Ass'n*, 86cv3026, 1986 WL 10636 (N.D.Ill. Sept. 19, 1986); *Aitken v. Fleet Mtge. Corp.*, 90cv3708, 1991 WL 152533, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. July 30, 1991), later opinion, 1992 WL 33926, 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); *Poindexter v. National Mtge. Corp.*, 94cv45814, 1995 WL 242287, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); *Sanders v. Lincoln Service Corp.*, 91cv4542, 1993 WL 1125433, 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. April 5, 1993); *Robinson v. Empire of America Realty Credit Corp.*, 90cv5063, 1991 WL 26593, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); *In re Mortgage Escrow Deposit Litigation*, M.D.L. 899, 1994 WL 496707, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 9, 1994); *Greenberg v. Republic Federal S. & L. Ass'n*, 94cv3789, 1995 WL 263457, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

22.     The recoveries in the escrow overcharge cases alone are over $250 million. *Leff* was the seminal case on mortgage escrow overcharges.

23.     The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

24.     **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. *Conley v. Sears, Roebuck*, 1:97cv11149 (D.Mass); *Fisher v. Lechmere Inc.*, 1:97cv3065 (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000).

25.     **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

a.     Hidden finance charges resulting from pass-on of discounts on auto purchases. *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927 (7th Cir. 1998).

b.     Misrepresentation of amounts disbursed for extended warranties. *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689 (7th Cir. 1998); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); *Slawson v. Currie Motors Lincoln Mercury, Inc.*, 94cv2177, 1995 WL 22716, 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 13, 1995); *Cirone-Shadow v. Union Nissan, Inc.*, 955 F.Supp. 938 (N.D.Ill. 1997) (same); *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302 (N.D.Ill. 1995); *Shields v. Lefta, Inc.*, 888 F. Supp. 891 (N.D.Ill. 1995).

c.     Spot delivery. *Janikowski v. Lynch Ford, Inc.*, 98cv8111, 1999 WL 608714, 1999 U.S. Dist. LEXIS 12258 (N.D.Ill., Aug. 5, 1999); *Diaz v. Westgate Lincoln Mercury, Inc.*, 93cv5428, 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. Nov. 14, 1994); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

d.     Force placed insurance. *Bermudez v. First of America Bank Champion,*

FILED DATE: 4/29/2021 4:37 PM   2021CH02090

*N.A.*, 860 F.Supp. 580 (N.D.Ill. 1994); *Travis v. Boulevard Bank*, 93cv6847, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill. 1995); *Moore v. Fidelity Financial Services, Inc.*, 884 F. Supp. 288 (N.D.Ill. 1995).

    e. Improper obligation of cosigners. *Lee v. Nationwide Cassell*, 174 Ill.2d 540, 675 N.E.2d 599 (1996); *Taylor v. Trans Acceptance Corp.*, 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002).

    f. Evasion of FTC holder rule. *Brown v. LaSalle Northwest Nat'l Bank*, 148 F.R.D. 584 (N.D.Ill. 1993), later opinion, 820 F.Supp. 1078 (N.D.Ill. 1993), later opinion, 92cv8392, 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

   26. These cases also had a substantial effect on industry practices. The warranty cases, such as *Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler*, and *Shields*, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

   27. **Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, both as individual and class actions. *Jackson v. Payday Financial LLC*, 764 F.3d 765 (7th Cir. 2014), *cert. denied*, 135 S.Ct. 1894 (2015); *Livingston v. Fast Cash USA, Inc.*, 753 N.E.2d 572 (Ind. Sup. Ct. 2001); *Williams v. Chartwell Fin. Servs.*, 204 F.3d 748 (7th Cir. 2000); *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Handy v. Anchor Mortg. Corp.*, 464 F.3d 760 (7th Cir. 2006); *Laseter v. Climateguard Design & Installation LLC*, 931 F.Supp.2d 862 (N.D.Ill. 2013); *Hubbard v. Ameriquest Mortg. Co.*, 624 F.Supp.2d 913 (N.D.Ill. 2008); *Martinez v. Freedom Mortg. Team, Inc.*, 527 F. Supp. 2d 827 (N.D.Ill. 2007); *Pena v. Freedom Mortg. Team, Inc.*, 07cv552, 2007 WL 3223394, 2007 U.S. Dist. LEXIS 79817 (N.D.Ill., October 24, 2007); *Miranda v. Universal Fin. Group, Inc.*, 459 F. Supp. 2d 760 (N.D.Ill. 2006); *Parker v. 1-800 Bar None, a Financial Corp., Inc.*, 01cv4488, 2002 WL 215530 (N.D.Ill., Feb. 12, 2002); *Gilkey v. Central Clearing Co.*, 202 F.R.D. 515 (E.D.Mich. 2001); *Van Jackson v. Check 'N Go of Illinois, Inc.*, 193 F.R.D. 544 (N.D.Ill. 2000), later opinion, 114 F. Supp. 2d 731 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1085 (N.D.Ill. 2000); *Henry v. Cash Today, Inc.*, 199 F.R.D. 566 (S.D.Tex. 2000); *Donnelly v. Illini Cash Advance, Inc.*, 00cv94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); *Jones v. Kunin*, 99cv818, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); *Davis v. Cash for Payday*, 193 F.R.D. 518 (N.D.Ill. 2000); *Reese v. Hammer Fin. Corp.*, 99cv716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); *Pinkett v. Moolah Loan Co.*, 99cv2700, 1999 WL 1080596, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); *Gutierrez v. Devon Fin. Servs.*, 99cv 2647, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); *Vance v. National Benefit Ass'n*, 99cv2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

   28. **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

    a. Phony nonfiling insurance. *Edwards v. Your Credit Inc.*, 148 F.3d 427 (5th Cir. 1998); *Adams v. Plaza Finance Co.*, 168 F.3d 932 (7th Cir. 1999); *Johnson v. Aronson Furniture Co.*, 96cv117, 1997 U.S. Dist. LEXIS 3979 (N.D.Ill., March 31, 1997), later opinion, 1993 WL 641342 (N.D.Ill., Sept. 11, 1998).

FILED DATE: 4/29/2021 4:37 PM    2021CH02090

b. The McCarran Ferguson Act exemption. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037 (7th Cir. 1998).

c. Loan flipping. *Emery v. American General*, 71 F.3d 1343 (7th Cir. 1995). *Emery* limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

d. Home improvement financing practices. *Fidelity Financial Services, Inc. v. Hicks*, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; *Heastie v. Community Bank of Greater Peoria*, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990).

e. Insurance packing. *Elliott v. ITT Corp.*, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

29. **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include *Lundquist v. Security Pacific Automotive Financial Services Corp.*, 993 F.2d 11 (2d Cir. 1993); *Kedziora v. Citicorp Nat'l Services, Inc.*, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 91cv3428, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); *Johnson v. Steven Sims Subaru and Subaru Leasing*, 92cv6355, 1993 WL 761231, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 WL 13074115, 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); *McCarthy v. PNC Credit Corp.*, 2:91CV00854 (PCD), 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434 (7th Cir. 1994); *Simon v. World Omni Leasing Inc.*, 146 F.R.D. 197 (S.D.Ala. 1992).

30. *Lundquist* and *Highsmith* are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the *Lundquist* case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

31. **Insurance litigation:** Often securing recovery for a class requires enforcement of the rights under the defendant's insurance policy. The firm has extensive experience with such litigation. Reported decisions in such cases include: *Record-A-Hit, Inc. v. Nat'l Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Pietras v. Sentry Ins. Co.*, 06cv3576, 2007 WL 715759, 2007 U.S. Dist. LEXIS 16015 (N.D.Ill., March 6, 2007), later opinion, 513 F. Supp. 2d 983 (N.D.Ill. 2007); *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 06cv2092, 2007 WL 2608559, 2007 U.S. Dist. LEXIS 65339 (N.D.Ill., Aug. 31, 2007); *National Fire Ins. Co. v. Tri-State Hose & Fitting, Inc.*, 06cv5256, 2007 U.S. Dist. LEXIS 45685 (N.D.Ill., June 21, 2007); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06cv4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill., June 4, 2007).

32. Some of the other reported decisions in our cases include: *Elder v. Coronet Ins. Co.*, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); *Smith v. Keycorp Mtge., Inc.*, 151 B.R. 870 (N.D.Ill. 1992); *Gordon v. Boden*, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); *Armstrong v. Edelson*, 718 F.Supp. 1372 (N.D.Ill. 1989); *Newman v. 1st 1440 Investment, Inc.*, 89cv6708, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. Jan. 15, 1993); *Mountain States Tel. & Tel. Co.*,

FILED DATE: 4/29/2021 4:37 PM   2021CH02090

v. District Court, 778 P.2d 667 (Colo. 1989); *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D.Ill. 1988); *Haslam v. Lefta, Inc.*, 93cv4311, 1994 WL 117463, 1994 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); *Source One Mortgage Services Corp. v. Jones*, 88cv8441, 1994 WL 13664, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994); *Wilson v. Harris N.A.*, 06cv5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007). *Wendorf v. Landers*, 755 F.Supp.2d 972 (N.D.Ill. 2010); *QuickClick Loans LLC v. Russell*, 407 Ill.App.3d 46; 943 N.E.2d 166 (1st Dist. 2011), *pet. denied*, 949 N.E.2d 1103 (2011) and *Adkins v. Nestle Purina Petcare Co.,* 973 F.Supp.2d 905 (N.D.Ill. 2013).

      33.    *Gordon v. Boden* is the first decision approving "fluid recovery" in an Illinois class action. *Elder v. Coronet Insurance* held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

Executed at Chicago, Illinois.

                    */s/ Daniel A. Edelman*
                    Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
T:\37794\Pleading\Declaration of DAE_pleading.wpd

-11-

Atty. No. 41106

FILED
4/29/2021 4:37 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02090

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| JOANN LIU, | ) | |
| on behalf of Plaintiff | ) | |
| and the class members described herein, | ) | |
| | ) | 2021 CH 2090 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MRS BPO, L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

13146796

### NOTICE OF FILING

**TO:** MRS BPO, L.L.C.
c/o Cogency Global Inc.
600 South Second St., STE 404
Springfield, IL 62704

**PLEASE TAKE NOTICE,** that on Thursday, April 29, 2021, I caused to be filed with the Clerk of the Circuit Court of Cook County, Illinois County Department, Chancery Division, the following documents: **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, and a copy of which is attached hereto and hereby served upon you.

s/*Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 00712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Samuel Park (ARDC 6333176)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Atty. No. 41106

FILED DATE: 4/29/2021 4:37 PM   2021CH02090

**CERTIFICATE OF SERVICE**

I, Daniel A. Edelman certify that on Thursday, April 29, 2021, I sent a true and accurate copy of the foregoing document served with the complaint upon:

MRS BPO, L.L.C.
c/o Cogency Global Inc.
600 South Second St., STE 404
Springfield, IL 62704

s/*Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 00712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Samuel Park (ARDC 6333176)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

FILED DATE: 4/29/2021 4:37 PM  2021CH02090