UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOANN LIU,<br>On behalf of Plaintiff and a class,<br><br>        Plaintiff,<br><br>v.<br><br>MRS BPO, LLC,<br><br>        Defendant. | Case No. 1:21-cv-02919-RAG-GAF<br><br>Judge: Ronald A. Guzman<br>Magistrate: Gabriel A. Fuentes |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant MRS BPO, LLC ("MRS"), as and for its Answer to the Complaint of Plaintiff Joann Liu ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

INTRODUCTION

1. Plaintiff Joann Liu brings this action to secure redress regarding unlawful collection practices engaged in by Defendant MRS BPO, L.L.C. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**Answer:** In response to paragraph 1 of the Complaint, MRS admits Plaintiff brings this action against it alleging violations of the FDCPA but denies that it violated any law.

JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

**Answer:** In response to paragraph 2 of the Complaint, MRS admits that the statute referenced ordinarily confers jurisdiction upon this Honorable Court but denies that it violated any law that would subject it to such jurisdiction. MRS reserves the right to object to Plaintiff's standing.

1

3. Personal jurisdiction in Illinois is proper because Defendant's collection letters were sent into Illinois.

**Answer:** MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 3 of the Complaint.

4. Venue in Cook County is proper under 735 ILCS 5/2-102.

**Answer:** MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of the Complaint.

## PARTIES

5. Plaintiff Joann Liu is a natural person residing in Lombard, Illinois.

**Answer:** MRS admits the allegations set forth in paragraph 5 of the Complaint, upon information and belief.

6. Defendant MRS BPO, L.L.C. is a limited liability company organized under the law of New Jersey with its principal office at 1930 Olney Avenue, Cherry Hill, NJ 08003. It does business in Illinois. Its registered agent and office is Cogency Global Inc., 600 South Second St., Suite 404, Springfield, IL 62704.

**Answer:** In response to paragraph 6 of the Complaint, MRS admits that it is a limited liability company organized under the laws of New Jersey with an office located at the stated address, that it has attempted to collect debts from individuals located in Illinois, and that it has a registered agent located at the stated address. MRS has insufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 6 of the Complaint.

7. Defendant MRS BPO, L.L.C. is engaged in the sole or principal business of a collection agency, collecting consumer debts and using the mails and telephone system for that purpose.

**Answer:** In response to paragraph 7 of the Complaint, MRS admits that it is a collection agency and that it uses the mails and telephone system for that purpose. MRS has insufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 7 of the Complaint.

8. Upon information and belief, almost all of Defendant MRS BPO, L.L.C.'s resources are devoted to debt collection.

**Answer:** In response to paragraph 8 of the Complaint, MRS admits that it engages in debt collection and devotes resources to that purpose. MRS has insufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 8 of the Complaint.

9. Upon information and belief, almost all of Defendant MRS BPO, L.L.C.'s revenue is derived from debt collection.

**Answer:** In response to paragraph 9 of the Complaint, MRS admits that it engages in debt collection and derives revenue from debt collection. MRS has insufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 9 of the Complaint.

10. Upon information and belief, almost all of Defendant MRS BPO, L.L.C.'s expenses are related to debt collection.

**Answer:** In response to paragraph 9 of the Complaint, MRS admits that it engages in debt collection and derives incurs expenses from debt collection. MRS has insufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 10 of the Complaint.

11. Defendant MRS BPO, L.L.C. is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

**Answer:** In response to paragraph 10 of the Complaint, MRS states that while at times it may be deemed a debt collector as that term is defined by the FDCPA, it has insufficient information and knowledge to either admit or deny that it was a debt collector in regard to Plaintiff and this matter.

## FACT ALLEGATIONS

12. This action arises out of Defendant's attempts to collect a credit card debt incurred for personal, family or household purposes.

**Answer:** In response to paragraph 12 of the Complaint, MRS admits that it attempted to collect a debt Plaintiff incurred to JPMorgan Chase Bank, NA. MRS has insufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 12 of the Complaint and therefore denies the same.

13. On or about October 4, 2020, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit A.

**Answer:** In response to paragraph 13 of the Complaint, MRS admits that it utilized a professional mail processing agent as a medium to facilitate the mailing of Exhibit A on October 4, 2020.

14. On or about November 20, 2020, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit B.

**Answer:** In response to paragraph 14 of the Complaint, MRS admits that it utilized a professional mail processing agent as a medium to facilitate the mailing of Exhibit B on November 20, 2020.

15. On or about December 10, 2020, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit C.

**Answer:** In response to paragraph 15 of the Complaint, MRS admits that it utilized a professional mail processing agent as a medium to facilitate the mailing of Exhibit C on December 10, 2020.

16. On or about December 31, 2020, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit D.

**Answer:** In response to paragraph 16 of the Complaint, MRS admits that it utilized a professional mail processing agent as a medium to facilitate the mailing of Exhibit D on December 31, 2020.

17. On or about January 21, 2021, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit E.

**Answer:** In response to paragraph 17 of the Complaint, MRS admits that it utilized a professional mail processing agent as a medium to facilitate the mailing of Exhibit E on January 21, 2021.

18. On or about February 8, 2021, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit F.

**Answer:** In response to paragraph 18 of the Complaint, MRS admits that it utilized a professional mail processing agent as a medium to facilitate the mailing of Exhibit F on February 8, 2021.

19. On or about February 25, 2021, Defendant MRS BPO, L.L.C. caused a letter vendor to send Plaintiff the letter in Exhibit G.

**Answer:** In response to paragraph 19 of the Complaint, MRS admits that it utilized a professional mail processing agent as a medium to facilitate the mailing of Exhibit G on February 25, 2021.

20. The letters bear markings that are characteristic of one generated by a letter vendor. In addition, public court filings indicate that MRS BPO, L.L.C. uses a letter vendor.

**Answer:** MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 20 of the Complaint.

21. In order to have the letter vendor send Plaintiff the letters in Exhibits A-G, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

**Answer:** MRS denies the allegations set forth in paragraph 21 of the Complaint. MRS furnished information to its mail vendor agent to print, fold, and mail Exhibits A-G and, upon information and belief, no individual person saw or read the information contained in the letters before they were placed in the mail.

22. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letters to Plaintiff.

**Answer:** MRS denies the allegations set forth in paragraph 22 of the Complaint. MRS furnished information to its mail vendor agent to print, fold, and mail Exhibits A-G and, upon information and belief, no individual person saw or read the information contained in the letters before they were placed in the mail.

23. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

**Answer:** In response to paragraph 23 of the Complaint, MRS admits that Plaintiff purports to quote the referenced statute but denies that it violated the law.

24. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

**Answer:** MRS denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

**Answer:** MRS denies the allegations set forth in paragraph 25 of the Complaint.

26. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

**Answer:** MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 26 of the Complaint.

27. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

> "Except as provided in section 1692b of this tide, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

**Answer:** In response to paragraph 27 of the Complaint, MRS admits that Plaintiff purports to quote the referenced statute but denies that it violated the law.

28. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

**Answer:** MRS denies the allegations set forth in paragraph 28 of the Complaint.

29. Due to Defendant's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

**Answer:** MRS denies the allegations set forth in paragraph 29 of the Complaint.

30. If a debt collector "conveys information regarding the debt to a third party -informs the third party that the debt exists or provides information about the details of the debt -then the debtor may well be harmed by the spread of this information." *Brown v. Van Rn Credit Corp.,* 804 F.3d 740, 743 (6th Cir. 2015).

**Answer:** In response to paragraph 30 of the Complaint, MRS admits that Plaintiff purports to summarize the referenced caselaw but denies that it violated the law.

31. Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

**Answer:** MRS denies the allegations set forth in paragraph 31 of the Complaint.

32. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

**Answer:** MRS denies the allegations set forth in paragraph 32 of the Complaint.

## COUNT I — FDCPA

33. Plaintiff incorporates paragraphs 1-32.

**Answer:** MRS adopts by reference paragraphs 1 through 32 of its Answer as though fully set forth herein.

34. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

**Answer:** MRS denies the allegations set forth in paragraph 34 of the Complaint.

35. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt — disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

**Answer:** MRS denies the allegations set forth in paragraph 35 of the Complaint.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of a class.

**Answer:** In response to paragraph 36 of the Complaint, MRS admits that Plaintiff brings this matter on behalf of a class, but denies that it violated any law and that such a class exists.

37. The class consists of (a) all individuals in Illinois (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

**Answer:** MRS denies the allegations set forth in paragraph 37 of the Complaint.

38. Plaintiff may alter the class definition to conform to developments in the case and discovery.

**Answer:** MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 38 of the Complaint.

39. On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 members of the class, and the class is so numerous that joinder of all members is not practicable.

**Answer:** MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 39 of the Complaint.

40. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

**Answer:** MRS denies the allegations set forth in paragraph 40 of the Complaint.

41. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**Answer:** MRS denies the allegations set forth in paragraph 41 of the Complaint.

42. A class action is appropriate for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**Answer:** MRS denies the allegations set forth in paragraph 42 of the Complaint.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i. Statutory damages;

      ii.      Attorney's fees, litigation expenses and costs of suit;

      iii.      Such other and further relief as the Court deems proper.

**Answer:** In response to the WHEREFORE clause of the Complaint, MRS admits that Plaintiff seeks damages, but denies that Plaintiff is entitled to the same as MRS did not violate any law.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's Complaint does not sufficiently allege that Plaintiff suffered any damage from the alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and, therefore, she is not entitled to any award of damages, attorney fees or costs. That is, Plaintiff may lack standing and this Court may lack subject matter jurisdiction.

### THIRD DEFENSE

Any violation of the law or damage suffered by Plaintiff, which MRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of MRS.

### FOURTH DEFENSE

Plaintiff failed to mitigate her damages, if any.

### FIFTH DEFENSE

Plaintiff's claims fail for lack of materiality.

### RESERVATION

MRS reserves its right to allege other defenses as discovery and investigation proceed.

**WHEREFORE,** MRS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against MRS with prejudice and on the merits; and,

2. Awarding MRS such other and further relief as the Court deems just and equitable.

Dated: June 8, 2021                                     s/Bradley R. Armstrong
                                                        Attorneys for Defendant

Bradley R. Armstrong, Esq. (MN Bar 393524)
MOSS & BARNETT, PA
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
(612) 877-5359
(612) 877-5999 (fax)
Bradley.armstrong@lawmoss.com

Stacie E. Barhorst, Esq. (6278960)
KAPLAN PAPADAKIS & GOURNIS, P.C.
180 N. LaSalle Street, Suite 2108
Chicago, IL 60601
(312) 726-0531
(312) 726-4928 (fax)
sbarhorst@kpglaw.com

## **CERTIFICATE OF SERVICE**

I certify that on June 8, 2021, a copy of the foregoing document was filed electronically in the ECF system. I also certify that a copy was served upon the following parties via U.S. mail:

Daniel A. Edelman, Esq.
Dulijaza Clark, Esq.
Samual Park, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
20 S Clark Street, Suite 1500
Chicago, IL 60603

                                        /s/ Bradley R. Armstrong
                                        One of the attorneys for Defendant